IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT LINDSAY COWAN, | No. 2:15-cv-01270-JKS |
| Petitioner, | |
| vs. | MEMORANDUM DECISION |
| DEAN BORDERS, Warden, California Institution for Men,[1] | |
| Respondent. | |

Robert Lindsay Cowan, a state prisoner represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Cowan is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at the California Institution for Men. Respondent has answered, and Cowan has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On June 23, 2010, Cowan was charged with nine separate counts of committing lewd acts upon and with the body of two children under the age of 14. The information additionally alleged that Cowan had committed the charged crimes against two or more victims. Cowan pleaded not guilty to the charges and denied the allegation. On direct appeal of Cowan's conviction, the California Court of Appeal laid out the following facts underlying the charges against Cowan, the procedural history of the case, and the evidence presented at trial:

> On October 22, 2009, [Cowan] went to the victims' family home to lead a Bible study, as he had done most Thursday evenings over the past four years. [Cowan] touched then 10–year–old K.G. beneath her underwear, twice in her "front girl parts" (vaginal area) and once near her bottom. The same night, K.G.'s then seven-year-old sister R.G.

---

[1] Dean Borders is substituted for Tim Perez as Warden, California Institution for Men. FED. R. CIV. P. 25(d).

was sitting on [Cowan's] lap when he put his hand beneath her underwear, moving his hand up and down on her bottom.  K.G. told her mother, Stephanie G.; her father, Patrick G.; and her sister, R.G., about [Cowan's] touching.  R.G. subsequently told her parents about the touching, as well as similar touching by [Cowan] when R.G. was four and five years old.  [Cowan] was charged with nine counts of lewd and lascivious acts with a child under 14 years old.  (§ 288, subd. (a); four counts involving K.G., five counts involving R.G.)

[Cowan] was held to answer on all nine counts following a preliminary hearing in early March 2010 (Judge David I. Brown).  During the pretrial phase (Judge Sawtelle), [Cowan] sought third party discovery, requesting records relating to the girls' grandfather's section 288 conviction from 2003.  [Cowan]'s motion referenced specific pages from the preliminary hearing transcript and included an offer of proof.  K.G. knew that her grandfather had "touched a little girl's parts" and "went to jail" for it, which is how she understood that [Cowan]'s touching her was wrong.  Also, Stephanie G. had been molested as a child.  Defense counsel argued that due to these life experiences, Patrick G. and Stephanie G. may have been especially wary of sexual contact and may have instilled in their daughters a hypersensitivity to any contact.  For example, both parents repeatedly warned K.G. and R.G. not to let anyone touch their "girl parts."  In support of his pretrial motion for third party discovery, defense counsel argued, "It may be, for example, that one of the complaining witnesses—if not both—have misinterpreted a benign or innocent touch by [Cowan] due to what their father had told them to be wary of."  Furthermore, defense counsel "ask[ed] the Court to review the materials and release materials that are appropriate for me to know in order to intelligently prepare for cross-examination of the girls' father that they will assist me in questioning him in trying to ascertain whether he has told his daughters anything about" their grandfather's case.

Specifically, [Cowan] sought discovery of (1) the district attorney's file relating to grandfather's prosecution; (2) sheriff's department records relating to grandfather's investigation and prosecution; and (3) superior court records from grandfather's case.  The pretrial court (Judge Sawtelle) denied [Cowan]'s motion as to the district attorney's file and the court records.  The pretrial court then performed an in camera review of the sheriff's department records, and found nothing discoverable therein.

Subsequently, defense counsel asked the trial court (Judge Oros) to re-review the sheriff's department records, arguing that the pretrial court's decision was "not binding on" the trial court.  The trial court was not persuaded, and declined "to disturb Judge Sawtelle's decision" to deny the motion.  However, the trial court explicitly stated that defense counsel could cross-examine the parents and both victims about the victims' knowledge of specifics relating to their mother's molestation and their grandfather's molest history.  That is, "If the children were affirmatively told by either or both of their parents of the specifics of their mother's prior history or their grandfather's prior history, that is fair game because it goes to the issue of the children's knowledge of the nature of these alleged touchings, and it may go to the defense theory that there was a supersensitive environment in which the children were raised, and they are misinterpreting the nature of the conduct that's alleged against [Cowan]."

2

At trial, defense counsel had the opportunity to cross-examine the witnesses and presented the theory that the children lived in "an overly cautious, extremely isolating environment which resulted in oversensitivity to otherwise innocuous acts."

*People v. Cowan*, No. C066033, 2013 WL 3213332, at *1-2 (Cal. Ct. App. Jun. 26, 2013).

At the conclusion of trial, the jury found Cowan guilty of Counts 1-5 and found the allegation of two or more victims to be true. The jury was unable to reach unanimous verdicts as to Counts 6-9 and, upon the People's motion, the trial court dismissed those counts. Cowan was subsequently sentenced to an aggregate term of 30 years to life imprisonment, consisting of two consecutive terms of 15 years to life imprisonment on Counts 1 and 5 and concurrent terms on Counts 2-4.

Through counsel, Cowan appealed his conviction, arguing that: 1) the pretrial court erred in denying, after conducting an *in camera* review, Cowan's motion for third party discovery regarding the victims' paternal grandfather's 2003 conviction of a lewd or lascivious act; and 2) the trial court compounded the error by refusing to re-review the records. On June 26, 2013, the Court of Appeal issued a reasoned, unpublished opinion unanimously affirming the judgment against Cowan in its entirety. *Cowan*, 2013 WL 3213332 at *3. Cowan filed in the California Supreme Court a counseled petition requesting review of the claims he unsuccessfully raised before the Court of Appeals, which was summarily denied on September 11, 2013.

Cowan then filed in the California Supreme Court a counseled petition for a writ of habeas corpus. In that petition, Cowan alleged that counsel was ineffective for failing to: 1) move to dismiss the information based on the unconstitutional way in which Cowan's incriminating admissions were obtained; 2) move to suppress the unlawfully-obtained admissions; 3) move to dismiss the information based on Cowan's warrantless arrest; and 4) move to suppress Cowan's admissions based on his subsequent warrantless arrest. In support

3

of his Petition, Cowan additionally submitted the declaration of a theologian who opined that statements Cowan made at a meeting requested and secretly recorded by the victims' parents with the assistance of law enforcement were involuntary due to his religious beliefs. Cowan additionally submitted the declarations of two court runners who indicated that there were no outstanding warrants for Cowan at the time of his arrest. The Supreme Court denied Cowan's habeas petition without comment on April 1, 2015.

Cowan timely filed a counseled Petition for a Writ of Habeas Corpus in this Court on June 12, 2015. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS/CLAIMS

In his counseled Petition before this Court, Cowan raises the four ineffective assistance claims that were silently denied by the California Supreme Court on state habeas review. Specifically, Cowan argues that counsel was ineffective for failing to: 1) move to dismiss the information based on the unconstitutional way in which Cowan's incriminating admissions were obtained; 2) move to suppress the unlawfully-obtained admissions; 3) move to dismiss the information based on Cowan's warrantless arrest; and 4) move to suppress Cowan's admissions based on his subsequent warrantless arrest.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,"

4

§ 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

IV. DISCUSSION

A. *Petition*

Cowan alleges that counsel was ineffective for failing to move to dismiss the indictment and suppress his admissions because he was unlawfully arrested without a search warrant and his incriminating admissions were unconstitutionally obtained at a meeting that was secretly recorded by the victims' parents. To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice

6

standard is applied and federal courts do not engage in a separate analysis applying the *Brecht* harmlessness standard. *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

Thus, Cowan must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

1. *Deceptive "Matthew 18" Meeting*

Cowan first argues that trial counsel was ineffective for failing to move to dismiss the indictment and suppress Cowan's recorded admissions because of the unconstitutional manner in which those admissions were obtained. The record indicates that, on December 1, 2009, the parents of the victims conducted a pretext conversation with Cowan at their home, which was recorded by law enforcement while a detective was in the parents' bedroom behind a closed

7

door. During the conversation, the father informed Cowan about the allegations of his daughters that, on the evening at issue, Cowan had put his hand under their underwear and touched and rubbed their intimate parts. Cowan recalled that R.G. was sitting on his "knee" and that K.G. "came over" and he "grabbed her by the front of her britches." He admitted that, at one point, his hand or "thumb" inadvertently "went down the front of" R.G.'s and/or K.G.'s "pants," and he "rubbed her tummy." He had no recollection "of ever touching" K.G.'s or R.G.'s intimate parts but admitted that "evidently" his "hand went down there." He suggested that he had fallen asleep. Cowan further agreed that he did not think the girls "would make this up" and stated that whatever happened that evening was "an anomaly." Cowan asked for forgiveness numerous times. The jury was provided with copies of a transcript of the conversation and heard an audio recording of it.

Cowan now argues that counsel was ineffective for failing to move for dismissal under California Penal Code § 995 in light of the unconstitutional and deceptive nature in which his incriminating admissions were obtained. According to Cowan, his statements should not be deemed voluntary because the parents arranged the conversation as a "Matthew 18 meeting,"[2] which a theologian explains by declaration "deal[s] with sin, conflict resolution, and discipline in the church." The proposed expert further opines that the manipulative use of a meeting based on Matthew 18 by law enforcement and the victims' parents violated Cowan's religious liberties and went against the spirit and procedures of the Christian system of belief and worship. Cowan also attaches declarations from Cowan's wife and his physician indicating that Cowan suffers

---

[2] *See Matthew* 18:15-20. In his declaration, Cowan states that his "obedience to Christ commanded [him] to submit to the Matthew 18 meeting and to participate . . . [and he] was in no way free to leave" until the parents concluded the meeting.

from hearing loss that would have severely impacted his ability to hear during the conversation and he had taken medications on the evening at question that may have impacted his attention span and ability to concentrate.

Cowan, however, provides no grounds to believe that a motion to dismiss the indictment would have been successful. Penal Code § 995(a)(1)(B) requires a trial court to set aside an information, on motion of the defendant, where "the defendant has been indicted without reasonable or probable cause." Here, however, even without the incriminating statements made during that meeting, there existed sufficient probable cause to support the indictment based on the interviews of the victims, which were detailed and consistent and tended to corroborate each other. Counsel thus cannot be faulted for failing to file a meritless motion. *See Rupe v. Wood*, 93 F.3d 1434, 1444-45 (9th Cir. 1996) (defense counsel's failure to raise a meritless argument or to take a futile action does not constitute ineffective assistance of counsel).

Nor does Cowan establish that counsel was ineffective for not moving to suppress the statements he made during the meeting with the victims' parents.[3] Under current California law, motions to suppress must be based upon federal law. *See, e.g.*, *People v. Lessie*, 223 P.3d 3, 7 n.2 (Cal. 2010) (noting that California Constitution's Truth–in–Evidence provision "generally precludes California courts from creating new exclusionary rules based on the state Constitution"). While Cowan asserts that the arrangement of the meeting for purposes of a pretext communication was contrary to church policies and procedures and in violation of his

---

[3] Notably, Cowan does not argue in his Petition, nor did he argue to the state courts, that counsel should have presented at trial the testimony of the theologian or his physician to argue that the jury should nonetheless disregard as involuntary the statements Cowan made during that meeting.

9

religious liberties, he asserts no federal constitutional basis for excluding evidence obtained from it.

Likewise, although Cowan suggests that his statements were involuntary and thus inadmissible, that assertion is not supported by the transcript, which is devoid of any coercive police misconduct that could be the basis for a due process claim. *See Colorado v. Connelly*, 479 U.S. 157, 164 (1986) ("Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law."); *McElvain v. Lewis*,283 F. Supp. 2d 1104, 1123-24 (C.D. Cal. 2003) (rejecting claim that counsel was deficient for failing to move to suppress secretly-recorded audiotape of conversation between petitioner and the victim on the ground it was coerced and involuntary). Further, because Cowan was not in custody at the time of the conversation, nor was he being interrogated, the conversation cannot be classified as a custodial interrogation requiring *Miranda* warnings, even if the victims' parents could be deemed government agents. *See Miranda v. Arizona*, 384 U.S. 436, 469-70 (1966); *Illinois v. Perkins*, 496 U.S. 292, 296-97 (1990) (police use of informants or uncover agents to question a suspect does not implicate *Miranda* or violate the Fifth Amendment). Consequently, Cowan's argument that counsel should have brought a motion to suppress is not supported by the record nor by any facts alleged by Cowan.

    2.    *Warrentless Arrest*

Cowan additionally faults counsel for failing to move to dismiss the indictment and suppress his incriminating statements because Cowan was arrested without a valid arrest warrant. But the record indicates that law enforcement was acting pursuant to a warrant when Cowan was taken into custody. In his state habeas petition, Cowan attached email

correspondence from the trial prosecutor informing current counsel of the warrant number and issuance date one day prior to Cowan's arrest.

In any event, even if Cowan's arrest was unlawful, he cannot show that his unlawful arrest would have provided a valid basis to dismiss the indictment against him.[4] *See Harris*, 495 U.S. at 18 ("Nothing . . . suggests that an arrest in a home without a warrant but with probable cause somehow renders unlawful continued custody of the suspect once he is removed from the house. There could be no valid claim here that Harris was immune from prosecution because his person was the fruit of an illegal arrest."). As aforementioned, the victims' interviews provided ample probable cause to defeat any dismissal motion based on an allegedly-unlawful arrest. Likewise, because the recorded incriminating statements were made before the arrest, counsel had no valid basis to seek suppression of those statements as the fruit of an illegal arrest. Cowan therefore fails to demonstrate that he is entitled to habeas relief on these grounds either.

B.      *Motion Requesting Expedited Determination of Petition* (Docket No. 23)

At Docket No. 23, counsel for Cowan submitted a letter motion requesting the expedited determination of Cowan's Petition due to his age and health. The letter may request that the Court be compelled to render a decision in his case. Title 28 U.S.C. § 1361, the Mandamus Act, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of

---

[4] Respondent argues that, even if no arrest warrant issued, Cowan was validly arrested. *See New York v. Harris,* 492 U.S. 14, 17-18 (1990) (holding that law enforcement may effectuate a warrantless arrest in a public place if the arresting officer has probable cause). Here, Cowan indicates that he was arrested "in front of his home." But, for purposes of the Fourth Amendment and the expectation of privacy that exists in one's home, the home includes a porch, *Florida v. Jardines*, 569 U.S. 1 (2013), and the record does not clearly indicate where Cowan was taken into custody. The Court therefore cannot determine whether Cowan's arrest would violate the Fourth Amendment in the event a warrant was not issued.

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But because this Court has now considered and rejected Cowan's Petition on the merits, such request is moot.

## V. CONCLUSION AND ORDER

Cowan is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the motion to expedite at Docket No. 23 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 21, 2018.

                                            /s/James K. Singleton, Jr.
                                            JAMES K. SINGLETON, JR.
                                            Senior United States District Judge